IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES T. JORDAN, #124614, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11-CV-846-WHA |
| ) | [WO] |
| ) | |
| KATHY HOLT, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by James T. Jordan ["Jordan"], a state inmate, in which he challenges the constitutionality of his confinement pursuant to sentences imposed upon him in 1979 and 1980 by the Circuit Court of Cherokee County, Alabama and the Circuit Court of DeKalb County, Alabama.[1] This is the third such action filed by Jordan in which he challenges the constitutionality of his confinement on these sentences. *See Jordan v. State of Alabama, et al.*, Case No. 2:10-CV-968-TMH-TFM (M.D. Ala. 2010) and *Jordan v. Holt, et al.*, Case No. 2:11-CV-324-TMH-TFM (M.D. Ala. 2011).

In the instant complaint, Jordan again argues he is improperly incarcerated on the

---

[1] The evidentiary materials submitted by the plaintiff demonstrate these sentences total seventeen (17) years of incarceration. *Plaintiff's Attachment to Complaint - Court Doc. No. 1-1* at 4. These materials likewise establish Jordan was not incarcerated on these sentences from October 2, 1981 until February 21, 2007. *Id.* at 5.

aforementioned Alabama sentences as he should have received credit for time served on these sentences during his incarceration within the Georgia Department of Corrections on separate sentences imposed by the State of Georgia because he sought extradition to Alabama for the purpose of facing a 1981 escape charge levied by the Circuit Court of Cherokee County, Alabama. *Plaintiff's Complaint - Court Doc. No. 1* at 3 ("[After his arrest on the Georgia charges] [o]n October 15, 1981 Plaintiff executed all documents waiving all rights to be extradited back to Alabama. The State of Alabama did not respond to the extradition request. The State of Alabama [thereby] abandon Plaintiff [and] relinquish all rights to imprison the plaintiff [on his Alabama sentences].").[2] Based on this flawed reasoning, Jordan maintains his Alabama sentences expired on December 3, 1996 and Alabama officials "kindapped and falsely in prison" him upon his release from Georgia on February 21, 2007. *Id*. at 2. Jordan seeks declaratory relief and monetary damages. *Id*. at 6.

---

[2] Jordan acknowledges he removed himself from the custody of Cherokee County law enforcement officials on October 2, 1981, which resulted in his being charged with escape. On October 9, 1981, "the plaintiff was arrested in Cobb County, Georgia" on additional criminal charges relative to various offenses committed in Georgia. *Plaintiff's Complaint - Court Doc. No. 1* at 3. In this and the initial prior civil action, Jordan identifies these charges as kidnapping and aggravated assault (3 counts). *Plaintiff's Attachment to the Complaint - Court Doc. No. 1-1* at 5; *Jordan v. State of Alabama, et al.*, Case No. 2:10-CV-968-TMH-TFM - *Court Doc. No. 1-1* at 3. The State of Georgia imposed convictions upon Jordan for these offenses "wherein he received a 70 total year prison term to be served through the State of Georgia Department of Corrections." *Plaintiff's Attachment to the Complaint - Court Doc. No. 1-1* at 5. Jordan served approximately twenty-five years in the custody of the Georgia Department of Corrections on the sentences imposed for his Georgia convictions. *Id*. The documents filed herein demonstrate the Circuit Court of Cherokee County, Alabama dismissed the 1981 escape charge on September 29, 1989. *Id*. at 2-3. On February 21, 2007, Jordan was paroled by the State of Georgia and returned to the custody of the Alabama Department of Corrections to complete service of his 1979 and 1980 sentences from Cherokee and DeKalb counties. *Id*. at 5.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

## II.  DISCUSSION

Jordan asserts he is improperly incarcerated on sentences imposed in 1979 and 1980 by the Circuit Court of Cherokee County, Alabama and DeKalb County, Alabama as these sentences have expired.[4]  Thus, the claims presented to this court go to the fundamental legality of Jordan's current incarceration and, therefore, provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  512 U.S. at 483-489.  Under *Heck*, the relevant inquiry is

---

[3] The court entered an order granting Jordan leave to proceed *in forma pauperis* in this cause of action.  *Order of October 12, 2011 - Court Doc. No. 3*.  Consequently, Jordan must have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[4] The state court records submitted by Jordan in each of the cases filed with this court do not support his argument; instead, these documents refute Jordan's allegation regarding the expiration of his Alabama sentences.  Upon a thorough review of the records presented, it appears to this court that due to Jordan's escapes from custody while confined on the Alabama convictions and the fact the Alabama courts did not order the sentences imposed for such convictions to run concurrent with the Georgia sentences the challenged Alabama sentences will not expire until January of 2022.

"whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence [made the basis of his current incarceration]." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" the basis for his confinement "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a term of incarceration is a petition for writ of habeas corpus filed in accordance with the directives of 28 U.S.C. § 2254. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and

4

should be dismissed." *Id*. at 649.

Jordan challenges the constitutionality of his confinement with respect to the validity of his current incarceration pursuant to sentences imposed upon him by the Circuit Court of Cherokee County, Alabama on December 3, 1979 and the Circuit Court of DeKalb County, Alabama on March 3, 1980. *Plaintiff's Attachment to the Complaint - Court Doc. No. 1-1 at 4*. A judgment in favor of Jordan on this complaint would necessarily imply the invalidity of his current incarceration. It is clear from the records of this court that the sentences and resulting confinement about which the plaintiff complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack is prohibited and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[5]  It is further

---

[5] A federal court may dismiss a prisoner's *in forma pauperis* complaint as malicious where earlier and later complaints are substantially identical. *Cato v. United* States, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1985) (duplicative complaint subject to dismissal under section 1915 as malicious); *Bailey v. Johnson*, 846 F.2d 1019 (5th Cir. 1988) (an *in forma pauperis* complaint repeating the same factual allegations asserted in an earlier action is due to be dismissed under 28 U.S.C. § 1915). Due to the substantial similarity of the claims raised in the instant complaint and those previously presented to the court in *Jordan v. State of Alabama, et al.*, Case No. 2:10-CV-968-TMH-TFM (M.D. Ala. 2010) and *Jordan v. Holt, et al.*, Case No. 2:11-CV-324-TMH-TFM (M.D. Ala. 2011), it is clear to the court that this case is likewise subject to summary dismissal as malicious under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

ORDERED that on or before October 31, 2011 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of October, 2011.

        /s/Terry F. Moorer
        TERRY F. MOORER
        UNITED STATES MAGISTRATE JUDGE